IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00058-D

| | |
|---|---|
| SHARRON MARIE GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| SEARS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis*. (DE-1). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2), which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989).

In the instant case, a review of Plaintiff's motion for leave to proceed *in forma pauperis* and her complaint leads the undersigned to conclude that this case should be transferred to the United States District Court for the Middle District of North Carolina.

General venue in federal courts is governed by 28 U.S.C. § 1391, which provides that a civil action may be brought in:

> (l) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff's motion and complaint reveal that Plaintiff and at least one named defendant are located in Durham, North Carolina. The other named defendant is located in Arizona. Plaintiff's complaint indicates that her claims arise out her purchase of a computer. The Middle District of North Carolina is the judicial district in which Plaintiff resides, and where a substantial part of the events giving rise to the action took place, rendering venue proper in that district. 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406(a), a district court may *sua sponte* transfer this case to the appropriate venue. The undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* and complaint be transferred to the Middle District of North Carolina, where venue is proper.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, February 14, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE